# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| TANYA M. TEEGARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-00554-SRB |
| | ) | |
| GOLD CROWN MGMT., LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendants' Joint Motion to Dismiss.  (Doc. #23).  For the reasons stated below, the motion is GRANTED IN PART AND DENIED IN PART.  The motion is granted with respect to the two individual Defendants, Vijay Dewar and Nevin Dewar.  The motion is also granted with respect to *pro se* Plaintiff Tanya M. Teegarden's claims against Defendant Gold Crown Management, LLC for discrimination based on age, race, and sex.  The motion is denied with respect to Plaintiff's claims against Gold Crown Management for discrimination based on religion and disability, as well as hostile work environment and retaliation claims.

Also before the Court is Defendants' Objection to Improper and Unauthorized Filing and Motion to Strike Document No. 32.  (Doc. #33).  For the reasons stated below, the Motion is DENIED.

## I.    Legal Standard

In order to survive a motion to dismiss, Plaintiff's Amended Complaint must meet the standard set out in Rule 8(a), which requires that a plaintiff plead sufficient facts to state a claim upon which relief may be granted.  Fed. R. Civ. P. 8(a); *accord* Fed. R. Civ. P. 12(b)(6).  "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility is assessed "considering only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint . . . and drawing on our own judicial experience and common sense." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (internal citations and alterations omitted). This plausibility standard applies to each claim "as a whole, not the plausibility of each individual allegation." *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). Legal conclusions in the complaint merit no deference. *Iqbal*, 556 U.S. at 678.

In connection with Plaintiff's response to the motion to dismiss and in connection with Defendants' reply to the motion to dismiss, the parties submitted materials outside the Amended Complaint for the Court's consideration. "When matters outside the pleadings are presented on a motion to dismiss, the court may either treat the motion as one for summary judgment and provide the parties with an opportunity to provide additional materials, or treat it as one to dismiss and exclude the matters outside the pleadings." *Patterson v. ABS Consulting, Inc.*, No. 4:08CV697RWS, 2009 WL 248683, at *1 (E.D. Mo. Feb. 2, 2009) (citing *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992)). This Court declines to consider the submitted documents and will exclude them from consideration of Defendants' motion to dismiss.

In determining whether a complaint alleges sufficient facts to state a plausible claim to relief, all factual allegations made by the plaintiff are accepted as true. *McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015), *cert. denied sub nom. McDonough v. Anoka County, Minn.*, 136 S. Ct. 2388 (2016). If the facts in the complaint are sufficient for the Court to draw a

reasonable inference that defendants are liable for the alleged misconduct, the claim has facial

plausibility and will not be dismissed. *Iqbal*, 556 U.S. at 678. The Court should be especially

deferential when reviewing the facts in a *pro se* complaint. *Topchian v. JPMorgan Chase Bank,*

*N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) ("A *pro se* complaint must be liberally construed . . . and

*pro se* litigants are held to a lesser pleading standard than other parties[.]"). In other words, the

complaint should be construed "in a way that permits the layperson's claim to be considered

within the proper legal framework." *Id.* (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir.

2004)). However, the Court should not "assume facts that are not alleged, just because an

additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 915.

## II.    Background and Procedural History

Plaintiff filed her *pro se* Amended Complaint on August 10, 2018. In the caption of the

Amended Complaint, Plaintiff listed "Gold Crown Management, LLC" as the Defendant. (Doc.

#7, p. 1). Utilizing the court-approved complaint form, Plaintiff listed the Defendants in Part

I.B. as "Vijay Dewar" and "Nevin Dewar" ("Dewar Defendants").[1] (Doc. #7, p. 2) Plaintiff

stated the title of both individual defendants is "Owner."[2] (Doc. #7, p. 2). Plaintiff alleged

Defendants are liable under Title VII of the Civil Rights Act, the Age Discrimination in

Employment Act of 1967, and the Americans with Disabilities Act. Plaintiff alleged in the

Amended Complaint she was "verbally attacked" by the Dewar Defendants, "harassed daily[,]"

"called names[,]" and her mental health [deteriorated] daily. (Doc. #7, pp. 4-6). Plaintiff alleged

---

[1] The Court will refer to Gold Crown Management and the Dewar Defendants collectively as "Defendants."

[2] The complaint form mailed to Plaintiff in connection with the Court's order to file an amended complaint was the generic complaint form and not the complaint form specific to employment discrimination cases. (Compare Doc. #1-1 and Doc. #7). In the original complaint Plaintiff submitted with her motion to proceed *in forma pauperis*, Plaintiff identified her place of employment as "Gold Crown Mgmt LLC[.]" (Doc. #1-1, p. 3).

in the original complaint she was called "syco (sic), bi-polar, crazy-schizophrenic, cray bitch[.]" (Doc. #1-1, p. 6). Plaintiff alleged in the Amended Complaint she was terminated on January 8, 2016, "for no reason." (Doc. #7, p. 5).

Plaintiff attached her EEOC Charge of Discrimination against Gold Crown Management, LLC to her Amended Petition. In the EEOC Charge, Plaintiff stated she was employed by Gold Crown Management as a "Leasing Consultant[,]" ultimately became a "District Manager[,]" and was paid "as a contractor." (Doc. 7-1, p. 2). Plaintiff stated she was "subject to harassment by the management because of [her] religion and disability." (Doc. 7-1, p. 2). Plaintiff further stated she "heard management harass other employees because of race, sex, disability, religion and national origin." (Doc. #7-1, p. 2).

Plaintiff also attached to her Amended Complaint the Pre-Charge Inquiry she submitted to the EEOC. (Doc. #7-1, pp. 4-7). In the Pre-Charge Inquiry Plaintiff checked boxes indicating she had been discriminated against on the bases of her religion (Christian), sex (female), age, disability (Bi-Polar – PTSD). (Doc. #7-1, p. 5). Plaintiff also checked boxes indicating she was retaliated against after complaining to her employer about job discrimination, witnessing someone else being discriminated against, and requesting an accommodation for her disability or religion. (Doc. #7-1, p. 5). Plaintiff stated in the Pre-Charge Inquiry that between 2015 and 2018 she was "verbally abused weekly about [her] mental health." (Doc. #7-1, p. 5). Plaintiff identified another employee as having been treated "worse" than her who was "called racial names told to go back to Ghetto[.]" (Doc. #7-1, p. 6). Plaintiff also identified another employee as having been treated "the same as" her. Plaintiff stated the Dewar Defendants "made statements in regards to God and our mental health[.]" (Doc. #7-1, p. 6).

Plaintiff attached other documents to her Amended Complaint including letters written on behalf of Gold Crown Management and emails Plaintiff represented as between herself and the Dewar Defendants. (Doc. #7-1, pp. 34-37). These letters and emails referenced the days of the week Plaintiff would be working for Gold Crown, the times of day she would be working, the location where she would be working, and the hourly rates she would be paid.

Defendants filed their Joint Motion to Dismiss on September 19, 2018. (Doc. #23). The Dewar Defendants argue the claims against them should be dismissed because 1) Plaintiff does not allege an employment relationship with the Dewar Defendants upon which Title VII, ADA, or ADEA liability might be based; and 2) the Dewar Defendants were not identified in the EEOC Charge. (Doc. #23, p. 2). Gold Crown Management argues the claims against it should be dismissed because 1) Plaintiff does not allege she "was employed by [Gold Crown Management] at the time of any misconduct alleged in the Complaint . . . or within 300 days prior thereto;" 2) Plaintiff identified Gold Crown Management in the caption of the Amended Complaint but failed "to assert sufficient factual allegations to state a claim for relief against [Gold Crown Management] that is plausible on its face;" and 3) Plaintiff identified herself as a "contractor" or "consultant" in the EEOC charge. (Doc. #23, pp. 1-2).

In opposing the Defendants' motion, Plaintiff argues she was an employee of Gold Crown Management and was "abused mentally and physically by the owners of Gold Crown Management[.]" (Doc. #24, p. 2). Plaintiff also argues her "employment began in Missouri and ended in Missouri." (Doc. #24, p. 2). Plaintiff attached several documents to her opposition that were not attached to her Amended Complaint. As previously stated, the Court will not consider those documents in connection with the motion to dismiss. Defendants also attached an affidavit

to their reply in support of the motion to dismiss.  The Court also will not consider this affidavit in deciding the present motion.

**III.    Discussion**

Under Title VII, an employer is prohibited from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin."  42 U.S.C. § 2000e-2(a)(1).  An "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person[.]"  42 U.S.C. § 2000e(b).  An employee is "an individual employed by an employer."  42 U.S.C. § 2000e(f).

The ADA prohibits "covered entities" from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C § 12112(a).  A "covered entity" is, among other things, "an employer[.]"  42 U.S.C. § 12111(2).  An "employer" is the same as under Title VII – "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person[.]"  42 U.S.C. § 12111(5)(A).  An "employee" is also the same as under Title VII – "an individual employed by an employer."  42 U.S.C. § 12111(4).

The ADEA makes it unlawful for an employer "(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; [and] (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age[.]"  29 U.S.C. § 623(a)(1)-(2).  The ADEA defines

"employer" similarly to the definitions under Title VII and the ADA.  An "employer" is "a person engaged in an industry affecting commerce who has twenty or more employees . . ." and also means "any agent of such a person[.]"  29 U.S.C. § 630(b).  The ADEA defines an "employee" as "an individual employed by any employer[.]"  29 U.S.C. § 630(f).

As the Defendants raise different arguments with respect to the Dewar Defendants and Gold Crown Management, the Court will address them separately.

### a.    Dewar Defendants

Plaintiff identified Gold Crown Management as her place of employment in the original complaint and identified Gold Crown Management as her employer in her EEOC charge. Plaintiff referred to the Dewar Defendants by the title "Owner" in her Amended Complaint but made no further allegations with respect to their positions with Gold Crown Management.  "It is well-settled in the Eighth Circuit that individuals are not subject to individual liability under Title VII."  *Strickland v. Harris*, No. 4:18-CV-00190-DGK, 2018 WL 4039707, at *2 (W.D. Mo. Aug. 23, 2018) (citing *Spencer v. Ripley Cty. State Bank*, 123 F.3d 690, 691 (8th Cir. 1997)).  While the Eighth Circuit "has not expressly held whether individual liability exists under the ADA[,] . . . the definition of employer under Title VII . . . and the ADA are analogous."  *Id.*  As a result, in *Strickland* the court extended the finding that no individual liability exists under Title VII to the ADA.  *Id.*  As Title VII's definition of "employer" is also analogous to the ADEA's definition of "employer" the same reasoning applies.  Plaintiff cannot pursue her claims against the individual Dewar Defendants for individual liability, and the claims against the Dewar Defendants are dimissed.

**b.      Gold Crown Management**

**i.      Employee Status**

Contrary to Defendants' argument, Plaintiff has adequately alleged Gold Crown

Management was her employer.  Plaintiff identified Gold Crown Management as her employer

in the original complaint (again the only complaint she submitted using the court-approved

complaint form for employment discrimination), in her EEOC Charge, and in her Pre-Charge

Inquiry, both of which were attached to Plaintiff's Amended Complaint.

Defendants also argue Plaintiff's statement she was "paid as a consultant" is fatal to her

claims.  It is not.  As previously stated the definition of "employee" is virtually the same under

Title VII, the ADA, and the ADEA.  The Eighth Circuit has stated in the Title VII context that

the statute "protects only employees, not independent contractors."  207 F.3d 480, 483-83 (8th

Cir. 2000).  The Eighth Circuit further explained:

> The statute's nominal definition of an "employee" . . . is completely circular
> and explains nothing. . . .
>
> Under the common-law approach, determining whether a hired party is an
> employee or an independent contractor involves consideration of all aspects
> of the working relationship between the parties. . . . The existence of a
> contract referring to a party as an independent contractor does not end the
> inquiry, because an employer may not avoid Title VII by affixing a label to
> a person that does not capture the substance of the employment relationship.
> . . . There is no shorthand formula or magic phrase that can be applied to
> find the answer, and therefore . . . all of the incidents of the relationship
> must be assessed and weighed with no one factor being decisive.
>
> A primary consideration is the hiring party's right to control the manner and
> means by which a task is accomplished. . . .

*Id.* (internal citations and quotation marks omitted).

Plaintiff attached documents to her Amended Complaint suggesting the location, hours,

and hourly rate of her employment were set by Gold Crown Management.  While Plaintiff

8

referred to herself as a "contractor" or "consultant" in other places, the nature of Plaintiff's employment cannot be decided on a motion to dismiss given the fact-intensive nature of the inquiry.

### ii.    Failure to State a Claim

Finally, Defendants argue that Plaintiff failed to allege any "facts whatsoever to establish a plausible claim for relief against any Defendant for age discrimination or discrimination by virtue of race, sex, religion, ethnicity and/or disability." (Doc. #23, p. 4).  Defendants did not identify any specific elements of the claims Plaintiff failed to plead.  Rather, Defendants argue in broad strokes that Plaintiff does not allege facts "to support the 'blanket assertion' that Plaintiff was subjected to adverse employment action, unlawfully disparate treatment or hostile environment because of her age; her sex; because she is a 'Christian;' or because of a mental, physical or emotional disability disclosed by Plaintiff to Defendants, the existence of which, with or without an accommodation, impaired a significant function of Plaintiff's life or capability to work." (Doc. #23, p. 5).

Giving Plaintiff's Amended Complaint and the documents attached thereto the broadest reading possible, as this Court must, the Court finds Plaintiff has alleged sufficient facts to state a claim for religious discrimination under Title VII and disability discrimination under the ADA, as well as hostile work environment and retaliation claims.  Reading the Amended Complaint and attached documents as a whole, Plaintiff alleged she was "terminated for no reason" after having been harassed based on her disability and religious beliefs.  Plaintiff alleged she was called derogatory names regarding her mental health condition.  Plaintiff alleged she and a fellow employee were ridiculed based on their belief in God and based on their mental health issues.  Plaintiff alleged the treatment she experienced at Gold Crown Management was

pervasive and continuous. Plaintiff alleged she was retaliated against for complaining about discriminatory conduct. Plaintiff indicated she requested a disability accommodation and was denied.

However, Plaintiff alleged no facts to suggest she was discriminated against on the basis of her race, sex, or age. Plaintiff did not allege she was harassed or called names based on her race, sex, or age. Plaintiff's only allegations with respect to discrimination based on race, sex, or age, are conclusory and without factual support. Accordingly, Plaintiff's claims based on race, sex, and age discrimination are dismissed.

      **c.**     **Motion to Strike**

On October 17, 2018, Plaintiff filed a document titled "Exhibit Employee vs Independent Contractor." (Doc. #32). Plaintiff stated, "I would request the Court to look at the Exhibit from IRS website and conclusion of why my position in this case has been so integral as to my relationship with Gold Crown Mgmt LLC/Owners Vijay Dewar Nevin Dewar." (Doc. #32, p. 1). Plaintiff submitted with her filing a document titled "Independent Contractors IRS 20-Factor Test."

On October 18, 2018, Defendants filed their Objection to Improper and Unauthorized Filing and Motion to Strike Document No. 32. (Doc. #33). Defendants cite no legal basis for striking the document but argue summarily, "The random submission to the Court of unauthenticated documents that may or may not be part of a claim by Ms. Teegarden in related proceedings before the Department of Labor and/or Ms. Teegarden's subjective belief that the work or services that she has characterized both in her EEO Charge and this lawsuit as 'consulting' and/or as an 'independent contract,' work for which she has admitted she was paid

as an independent contractor in 2017, is not an authorized or permissible way to present pleadings and/or documentary evidence to this Court." (Doc. #33, p. 1).

Plaintiff's submission is clearly labeled "Exhibit" and relates to the issues raised in Defendants' motion to dismiss. Given that Plaintiff is proceeding *pro se* the Court will construe the document as an additional exhibit to her opposition to the motion to dismiss. The Court previously noted that both Plaintiff and Defendants submitted exhibits with their filings. As with those exhibits, the Court will not consider the exhibit submitted at document number 32 in connection with ruling on the motion to dismiss. Even so, the Court will not strike the document as it did not strike the other exhibits submitted by Plaintiff and Defendants.

## IV. Conclusion

Accordingly, Defendants' Joint Motion to Dismiss (Doc. #23) is GRANTED IN PART AND DENIED IN PART. The motion is granted with respect to the two individual Defendants, Vijay Dewar and Nevin Dewar. The motion is also granted with respect to Plaintiff's claims against Defendant Gold Crown Management, LLC for discrimination based on age, race, and sex. The motion is denied with respect to Plaintiff's claims against Gold Crown Management for discrimination based on religion and disability, as well as hostile work environment and retaliation claims.

Defendants' Objection to Improper and Unauthorized Filing and Motion to Strike Document No. 32 (Doc. #33) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
United States District Judge

Dated: November 5, 2018